UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY THOMAS MURRAY,<br><br>  Plaintiff,<br><br>  v.<br><br>ARAMARK, et al.,<br><br>  Defendants. | No. 2:15-cv-0730-EFB P<br><br>ORDER GRANTING IFP AND DISMISSING FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] In addition to filing a complaint, he has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.  Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

/////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent (ECF No. 1 at 22). *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

## II.    Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

## III. Screening Order

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it must be dismissed for failure to state a claim. The complaint alleges that defendant Aramark, the jail's canteen supplier, charges "outrageous prices" and improperly sells items marked "not for individual sale." ECF No. 1. The complaint states that Aramark is "clearly making money by breaking some sales law," and asks that the company "stop ripping off inmates and provide the whole item." *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Inflated commissary prices do not provide a basis for a constitutional claim because there is no constitutional right to purchase items from the canteen. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996); *Dushane v. Sacramento Cty. Jail*, No. 2:13-cv-2518-EFB, 2014 U.S. Dist. LEXIS 108628, at *17 (E.D. Cal. Aug. 6, 2014) (same); *Sanchez v. Lerdo Kern Cnty. Det. Facility*, No. 1:14-cv-1424-MJS, 2015 U.S. Dist. LEXIS 36144, at *16 (E.D. Cal. Mar. 20, 2015) (same). Moreover, the complaint does not identify any specific claims for relief, and the factual allegations are not sufficient to state a cognizable claim for a violation of plaintiff's federal constitutional or statutory rights.

Because the deficiencies in plaintiff's claim cannot be cured by further amendment, the complaint must be dismissed without leave to amend. *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

/////
/////
/////

**IV.     Summary**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Sheriff of Solano County filed concurrently herewith.
3. This action is dismissed for failure to state a claim and the Clerk is directed to close the case.

DATED: April 29, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE